**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 16 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ANN GREEN DIGGDON,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-5207
(D.C. No. 97-CV-684-M)
(N.D. Okla.)

---

ORDER AND JUDGMENT  *

---

Before **ANDERSON**  and **KELLY** , Circuit Judges, and   **BROWN** ,** Senior
District Judge.

---

    After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*　　Honorable Wesley E. Brown, Senior District Judge, United States District
Court for the District of Kansas, sitting by designation.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Claimant Ann Green Diggdon appeals from the denial of disability benefits. She asserts that the administrative law judge (ALJ) erred in the three-phase analysis at step four of the evaluation sequence.  *See generally Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988).  We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we reverse and remand for further proceedings.

Claimant was born on November 20, 1941.  She completed her master's degree in education and has worked as a teacher, department chairman and psychometrist.  She suffered from chronic low back pain for several years prior to 1992 when, in October, she slipped and fell at work, injuring her back.  An x-ray of her back in October 1992 showed moderate degenerative changes of the facet joints of L4-5.  Magnetic Resonance Imaging (MRI) of claimant's cervical and lumbar spine performed in October 1992 indicated degenerative changes at C5-6 and C6-7 with decreased disk space height, posterior spurring and multiple disc bulging.  Further testing and medical examinations performed in 1993 established that claimant suffered from moderate cervical and lumbar spondylosis (spinal arthritis) and herniated nucleus pulposa.

Claimant alleges that she has been disabled since February 7, 1994 because of her severe back and neck pain. After conducting an administrative hearing, the ALJ determined at step four that claimant could return to her past relevant work. The ALJ found that claimant's impairments of lumbar and cervical spondylosis were severe, but did not meet or equal the severity of any listed impairment. The ALJ found that claimant could perform light exertional work activity, i.e., work that would require her to lift 20 pounds at a time and require frequently lifting and carrying of objects weighing 10 pounds, but was limited to those jobs that would allow her to change her positions at will, with only occasional bending, squatting, and climbing. Appellant's App., Vol. II at 24. Based on the testimony of a vocational expert (VE), the ALJ found that claimant's past relevant work as a teacher was skilled, light work and that her past relevant work as a teaching administrator and as a psychometrist were skilled, sedentary jobs. [1] Therefore, the ALJ determined that claimant could return to her past relevant work. When the Appeals Counsel denied review, the ALJ's decision became the final decision of the Commissioner.

---

[1] Claimant contends on appeal that her past work did not qualify as her "past relevant work" as defined in the Social Security regulations. We do not consider this argument, however, because she did not raise this argument before the district court. *See Crow v. Shalala,* 40 F.3d 323, 324 (10th Cir. 1994).

We review the agency's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied. *See Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289 (10th Cir. 1995). We may not reweigh the evidence or substitute our judgment for that of the agency. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995). Claimant contends that the ALJ erred in (1) finding that she could return to her past relevant work without making the proper findings to support such a conclusion; (2) failing to properly consider or accord the proper weight to the disability opinion of her treating physician; and (3) relying on the opinion testimony of the VE at step four because that testimony did not take into account all of her limitations. We are persuaded by claimant's claims of error.

Analysis

Step four of the sequential analysis, at which the ALJ found claimant not disabled, is comprised of three phases. "In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work." *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996) (citation omitted). "In the final phase, the ALJ determines whether the

-4-

claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id.*

At step four, a claimant bears the burden of proving that her medical impairments prevent her from performing work that she has performed in the past. *See Williams*, 844 F.2d at 751 & n.2. However, in order to make the ultimate finding that a claimant is not disabled at step four, the ALJ is required by the agency's rulings to make specific and detailed predicate findings concerning the claimant's residual functional capacity, the physical and mental demands of the claimant's past jobs, and how these demands mesh with the claimant's particular exertional and nonexertional limitations. *See* Social Security Ruling (SSR) 96-8p, 1996 WL 374184, SSR 82-62, 1982 WL 31386, at *4; *see also Winfrey*, 92 F.3d at 1023-25.

Here, the ALJ failed to make the detailed findings required by the regulations and rulings at step four. In arriving at an RFC, agency rulings require that an ALJ must provide a "narrative discussion describing how the evidence supports" his or her conclusion. *See* SSR 96-8p, 1996 WL 374184, at *7. The ALJ must "discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis . . . and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." *Id*. The ALJ "must also explain

-5-

how any material inconsistencies or ambiguities in the case record were considered and resolved." *Id*. "The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id*. The RFC assessment "must not be expressed initially in terms of the exertional categories of "sedentary [or] light;" rather, a function-by-function evaluation is necessary in order to arrive at an accurate RFC. *Id*. at *3 ("[A] failure to first make a function-by-function assessment of the [claimant's] limitations of restrictions could result in the adjudicator overlooking some of [the claimant's] limitations or restrictions.").

Here, the ALJ simply made the conclusory determination at the first phase of step four that claimant could perform light work that would allow her to change her position at will. The ALJ did not specify the evidence he relied upon to support his conclusion, in violation of the agency's regulations and rulings. *See* SSR 96-8p, 1996 WL 374184, at *3, *5. In evaluating claimant's RFC at the first phase of step four, the ALJ failed to assess her ability to perform each of the seven strength demands (sitting, standing, walking, lifting, carrying, pushing, and pulling); to discuss her ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis; and to carefully compare her restrictions with the functional demands of light work as defined by the

-6-

regulations. *See id*. The ALJ asserted, without citing to any specific evidence, that his RFC determination was "borne out by the medical evidence" and was consistent with claimant's reported activities. Appellant's App., Vol. II at 27. Contrary to the ALJ's assertion, his RFC determination is not consistent with either the opinion of claimant's treating physician or her testimony with respect to her daily activities.

Claimant testified that she could lift only 5 pounds, can walk for only 30 minutes at a time, can stand only for 20 to 30 minutes at a time, and can sit only for 30 to 45 minutes at a time. *See id.* at 53-54. She testified she would be in too much pain to do a job which required her to sit for an hour and a half to two hours of an eight-hour day. *See id*. Because the ALJ found claimant capable of doing light work, however, he implicitly rejected her testimony. [2] If the ALJ did not believe claimant's testimony about the extent of her limitations, he failed to articulate such conclusion, as he is required to do. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) ("findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise

---

[2] As described in the regulations, light work requires "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id*.

of findings" (citing *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988)). The ALJ is obligated to explain the specific evidence which led him to conclude claimant's subjective complaints were not credible. *See id*.

Furthermore, we agree with claimant's contention that, in making his RFC determination, the ALJ failed to give the proper weight to the opinions of her treating physicians. "A treating physician may offer an opinion which reflects a judgment about the nature and severity of the claimant's impairments including the claimant's symptoms, diagnosis and prognosis, and any physical or mental restrictions." *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994); 20 C.F.R. § 404.1527(a)(2). The Secretary will give controlling weight to that type of opinion if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record. *See id.*, 26 F.3d at 1029; 20 C.F.R. § 404.1527(d)(2). Although the ALJ may disregard the opinion of a treating physician if it is conclusory and unsupported by medical evidence, the ALJ must articulate "specific, legitimate reasons" for doing so. *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). A treating physician may also proffer an opinion that a claimant is totally disabled. *See Castellano*, 26 F.3d at 1029. "That opinion is not dispositive, [however,] because final responsibility for determining the ultimate

-8-

issue of disability is reserved to the [Commissioner]." *Id.*; 20 C.F.R. § 404.1527(e)(2).

Claimant's primary treating physician was Dr. Hicks, an orthopedic surgeon who began treating her in August 1994. After examining and testing claimant, he opined in November 1994 that "because of ongoing complaints of pain involving her cervical and lumbar spine," claimant was "not going to be able to sit, bend, stand or lift objects significantly enough to work in a regular job." *See* Appellant's App., Vol. II at 167. Further, he opined that it was "unlikely that [claimant] will be able to continue in her current job as a teacher" and he doubted "that she will improve sufficiently enough in the future to be able to return to that work in a productive fashion." *Id*. Dr. Hicks assessed claimant's functional capacity in August 1996, and stated that, as a result of her medical conditions, claimant had to avoid completely cramped or unusual positions; pushing, pulling or twisting (arm or leg controls); grasping or handling; or bending, stooping or squatting. *See id.* at 188. He also stated that claimant had some functional limitations in walking, standing, sitting, changing positions from sitting to standing, doing repetitive movements of her hands or feet, climbing stairs or ladders, or balancing. *See id*. Dr. Hicks opined that claimant had severe limitations of her functional capacity, was incapable of even minimum activity, and was totally disabled from working at any occupation. *See id*. at 189.

The ALJ's determination that claimant could do light exertional work, limited only by a need to change positions at will, is contrary to Dr. Hicks' medical opinion that claimant is unable to do even minimum activity, must completely avoid bending or squatting, and is totally disabled. The ALJ acknowledged Dr. Hicks' evaluation but stated that "Dr. Hicks' assertions of the claimant's total disability are not found to be consistent with the clinical findings in the record." *Id*. at 27-28. [3] The ALJ failed to cite to any evidence in the record in support of this conclusion. His conclusory rejection of Dr. Hicks' medical opinion does not constitute "specific, legitimate reasons" for ignoring claimant's treating physician's opinion. *See Frey,* 816 F.2d at 513.

The ALJ's RFC assessment also appears inconsistent with other medical evidence in the record. Dr. Jacobs, a rheumatology specialist who was asked to evaluate claimant on behalf of Oklahoma's teacher's retirement system opined that claimant was "unable to fulfill the duties of her occupation as a school teacher because . . . the duties of standing, sitting, and carrying even light weight

---

[3] Dr. Hicks was a friend of claimant's husband. The ALJ gave, as a reason for disregarding Dr. Hicks' opinion, the fact that, "based upon his close personal relationship with the claimant's family, [Dr. Hicks'] objectivity must, therefore, be held suspect regarding his sympathetic assessments." As we have repeatedly held, an ALJ's belief that a family doctor would not be objective is not a legitimate reason to discount a treating physician opinion. *See, e.g., Frey* , 816 F.2d at 515. The Commissioner concedes it was error for the ALJ to reject Dr. Hicks' opinion because he was a friend of claimant's husband.

objects produce a level of pain which is incompatible with the proper performance of her duties." Appellant's App., Vol. II at 164. The Commissioner concedes that its own consulting physician, Dr. Sutton, concluded that claimant's RFC does not support a finding that she can perform light work. *See* Appellee's Br. at 19. On remand, the ALJ must address all of the medical evidence, including that of Drs. Hicks, Jacobs and Sutton in accordance with agency rules and regulations. *See Goatcher*, 52 F.3d at 290 (listing factors ALJ must consider to determine what weight to give to any medical opinion); 20 C.F.R. § 404.1527(d)(2)-(6).

The Commissioner's brief proffers an explanation of how the record supports the ALJ's determination of claimant's RFC. The ALJ, however, failed to indicate the evidence he relied upon in making his RFC determination and failed to explain how he considered and resolved the evidence in the record that was inconsistent with his assessment. As a reviewing court, we cannot make factual determinations on his behalf. *See Rapp v. United States Dep't of Treasury*, 52 F.3d 1510, 1515 (10th Cir. 1995) (reviewing court may not compensate for deficiencies in an agency's decision "by supplying a reasoned basis for the agency's action that the agency itself has not given."). The ALJ's failure to set forth the basis of his RFC determination leaves us nothing to review with respect to this aspect of his analysis. *See Winfrey*, 92 F.3d at 1025 ("[r]equiring the ALJ

to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review").

Having failed to make the required findings about claimant's RFC, the ALJ was not able to fulfill his subsequent fact-finding responsibilities at step four to determine whether she has the ability to meet the job demands of her past relevant work. *See Winfrey*, 92 F.3d at 1024-25. Accordingly, we must reverse and remand this case for further proceedings. On remand, after setting forth the evidence he relied in making his RFC assessment, giving the proper weight to the opinion of claimant's treating physician, and explaining how he resolved any inconsistencies in the record, the ALJ may need to reassess his RFC determination and, at phase two, reassess the physical and mental work demands of claimant's past relevant work which have a bearing on her medically established limitations. *See* SSR 82-62, 1982 WL 31386, at *3.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the case is REMANDED to the district court with directions to remand the action to the Commissioner for further proceedings consistent with the order and judgment.

Entered for the Court

Wesley E. Brown
Senior District Judge

-12-